**MYERS v. MINNICK.**

No. 11505.

Court of Civil Appeals of Texas. San Antonio.

May 2, 1945.

T. H. Burruss and Jay Kirkman, both of Corpus Christi, for appellant.

Tarlton & Koch, of Corpus Christi, for appellee.

NORVELL, Justice.

This litigation arose out of an agreement between appellant, Barney Myers (defendant below), and Jack Minnick, appellee (plaintiff below), which had its inception during the month of February, 1940. The court below rendered judgment for Minnick and against Myers for $3,750, based upon a special issue jury verdict.

Barney Myers was a promoter of wrestling matches in Corpus Christi, Texas, at a place called the Town Hall Arena, owned by an organization known as the Texas Veterans' Association. Myers' right to use this arena for the purpose of staging wrestling matches was apparently terminable at will by the Veterans' Association.

In February of 1940 Minnick under an arrangement with Myers, the terms of which are in dispute, began the operation of a business of selling cold drinks, refreshments and edibles at said Town Hall Arena. This operation is referred to as a concession business in the briefs.

In June of 1943 Myers terminated the arrangement with Minnick and refused him access to the part of the arena where the concession business was carried on by changing the locks of the doors.

Minnick sued upon the theory that he and Myers were partners and Myers had

without cause breached the partnership agreement prior to the time set for its termination by the terms thereof. Myers contended that there was no partnership agreement and that the true relationship between the parties was that of employer and employee, and that he had terminated the arrangement with Minnick for the reason that Minnick had not properly accounted to him for the profits realized in the operation of the concession business.

The trial court submitted four issues to the jury. The jury's answering Issue No. 4 was made conditional upon an affirmative answer to Issue No. 3, and was not answered by the jury. Neither party objected to the form or substance of the issues submitted. Issues Nos. 1, 2 and 3, and the jury's answers thereto, were as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that by the terms of the written agreement, the defendant, Barney Myers, sold a one-half partnership interest in the concession business at Town Hall to the plaintiff, Jack Minnick, as long as the defendant, Barney Myers, promoted wrestling matches in Nueces County? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered Special Issue No. 1, 'Yes,' and in that event only, then answer Special Issue No. 2.

"Special Issue No. 2. What do you find from a preponderance of the evidence to be the actual cash market value of the concession business at Town Hall Arena? Answer in Dollars and Cents, if any. Answer: $7,500.00.

"Special Issue No. 3. Do you find, from a preponderance of the evidence that the Cross-Defendant, Jack Minnick, failed to account to Cross-Plaintiff, Barney Myers, for all the proceeds of the merchandise sold at the concession stand at Town Hall Arena? Answer 'Yes' or 'No.' Answer: No."

Rule 279, Texas Rules of Civil Procedure, specifically provides that: "A claim that the evidence was insufficient to warrant the submission of any issue may be made for the first time after verdict." Under this provision of the rule, appellant, despite his failure to object to the submission of Special Issue No. 1, may here present his contention that the jury's answer to Special Issue No. 1 is without support in the evidence. This contention was efficiently raised in appellant's motion for new trial

and is here presented by appellant's points and the arguments thereunder.

We are of the opinion that this contention of appellant must be sustained.

It appears that some form of written agreement was executed in February, 1940. At the time of the trial this memorandum had been lost and secondary evidence of its contents was introduced. Minnick testified that he could state the contract correctly, "word for word." "It was dated February, around February 15, wrote on Nueces Hotel stationery, and· said, 'To whom it may concern: That I, Barney Myers, do hereby give Jack Minnick one-half the concession in the Town Hall, and as long as I have anything to do with boxing and wrestling in Nueces County.' And it was signed by Mr. Myers."

Barney Myers testified: "My recollection of the contract is this: That I agreed to hire Mr. Minnick and pay him fifty per cent of the earnings taken in at the stand in Town Hall."

One Hundred Dollars was paid to Myers. According to Minnick this was the consideration for the one-half interest in the concession business. According to Myers' recollection, the one hundred dollars was posted as a bond to insure Myers against the loss by theft or discrepancy in account.

When viewed in connection with the evidence, it is apparent that a mixed question of law and fact was submitted to the jury by Special Issue No. 1. In order to answer the question, the jury first had to determine the actual contents of the lost written instrument—a matter of fact—and then decide whether or not the "terms of the written agreement" conveyed "a one-half partnership interest in the concession business" to Jack Minnick—a question of law relating to the construction of a contract.

We may assume that the jury accepted Minnick's version as to the contents of the missing agreement, which he stated "word for word" according to his recollection, but it is apparent that the jury's answer construing this contract as vesting a one-half partnership interest in Minnick is erroneous. It can not be said from the terms of the written instrument alone (as testified to by Minnick) that he and Myers became partners. The jury's answer is consequently without support in the evidence.

In certain cases the submission of a question of law to the jury may be a harmless rather than a reversible error, but that is not the situation here. A partnership has been defined as a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions. Another generally accepted definition of a partnership is that it is an association of two or more persons to carry on as co-owners a business for profit. 40 Am. Jur. 126, § 2. Joint ownership of a franchise or other form of property does not in itself establish a partnership. 40 Am.Jur. 128, § 4. The written memorandum, according to Minnick, did no more than establish joint ownership of a license or franchise.

The written memorandum is admissible in evidence upon the issue of the existence of a partnership. Likewise, evidence of things done, the methods employed by the parties in operating the concession business are admissible upon said issue. Southern Surety Co. v. Texas Employers' Ins. Co., Tex.Civ.App., 2 S.W.2d 310. Apparently, there was evidence in the record from which it could be inferred that Minnick and Myers were actually partners. The issue submitted, however, restricted the jury's consideration to a specific written agreement. The terms of the written agreement do not establish a partnership and, consequently, the jury's answer to the issue has no support in the evidence.

In view of another trial, it may be well to say, as above indicated, that we regard appellee's cause of action as being one for the wrongful breach of a partnership agreement, rather than an action for conversion of a one-half interest in certain property. While the cash market value of the concession business at Town Hall Arena may be an evidentiary matter bearing upon the amount of damages suffered by Minnick, it is not a controlling issue. Rule 279, Rules of Civil Procedure. For a discussion of the measure of damages in case of the breach of a partnership agreement, see 40 Am.Jur. 402, § 483.

Other matters raised in the briefs need not occur upon another trial.

By reason of the error pointed out, the judgment is reversed and the cause remanded.