**K. P. WHIDDON et al., Appellants,**

v.

**GENERAL MILLS, INC., Appellee.**

No. 16219.

Court of Civil Appeals of Texas.

Fort Worth.

May 12, 1961.

Rehearing Denied June 9, 1961.

Joe H. Tonahill and Floyd W. Addington, Jasper, for appellants.

Brewster, Pannell, Dean & Kerry and Henry E. Kerry, Fort Worth, for appellee.

MASSEY, Chief Justice.

This case began as a suit on a $46,808.69 note and mortgage securing said note by General Mills, Inc., plus their suit for goods and wares sold and delivered to the Whiddon & Allen Feed Company between June 10, 1958, and July 29, 1958. Defendants K. P. Whiddon and Jesse Allen, Jr., set up their defenses to said plaintiff's suit in so far as it was predicated on the note and mortgage, and also alleged a cause of action for damages in the nature of a suit for specific performance of a certain contract existent between the parties.

Trial was to a jury. By the verdict returned the jury found that the defendants were liable to the plaintiff under the note and mortgage, and under indebtedness accrued for goods delivered, and pursuant thereto judgment was entered in favor of plaintiff and against defendants for the amount of the note, plus attorney's fees, for foreclosure of its mortgage, and for the aforesaid indebtedness.

By the same verdict the jury found the existence of the contract averred by the defendants and found $4,373.58 as the amount plaintiff was obligated to pay in damages as its specific performance thereof between the dates of June 10, 1958, and July 29, 1958, the final date on which said contract was in effect. Award of damages (in the nature of specific performance) was decreed by the court in its judgment, in which the amount of $4,373.58 was allowed to the defendants as a credit upon the larger amount adjudged as owing to plaintiff under the account and on the note. The jury also found $40,818.68 as the amount plaintiff was obligated to pay in damages to defendants (as its specific performance of the contract averred by defendants) for the period between the dates of June 6, 1957, and July 29, 1958, but on motion by plaintiff such was disregarded. The theory under which the finding was disregarded was that the note and chattel mortgage given to secure payment of the same on June 10, 1958, and executed in San Augustine County, merged all obligations between the parties theretofore arisen under the provisions of the subsisting contract (which the court held to have subsequent application to dealings between them after June 10, 1958), and therefore extinguished any obligation on the part of plaintiff to defendants under said contract in contradiction of the amount stated in the note and mortgage. In other words the trial court honored the contract but was of the opinion that evidence of the terms and provisions thereof could not establish any indebtedness owed by plaintiff to the defendants prior to the date the note and mortgage were executed.

After disregarding certain jury findings, which defendants contended allowed them

$40,818.68 on their cross-action, rather than merely the $4,373.58 found by the jury and left undisturbed, the court entered its judgment. Defendants appealed, assigning as error the action of the court in the respect outlined and also the action of the court in disregarding a jury finding that a place of payment had been typed on the face of the note after the date of its execution. No motion for new trial was filed, and it is obvious that none was required. The plaintiff filed no motion for new trial, but by cross-assignment of error attacked the failure and refusal on the part of the court to disregard the jury's finding against it on the $4,373.58 item heretofore mentioned, and complained because the judgment gave said amount to the defendants under their allegations in cross-action. This was proper in view of the 1957 amendment to Texas Rules of Civil Procedure, rule 324 "Prerequisites of Appeal".

We affirm the judgment for plaintiff, as same applies to the plaintiff's cause of action. We reverse and remand the judgment as same applies to the judgment for the defendants on their cross-action, intending thereby to return to the court below the entire cause of action asserted by defendants on their cross-action for purposes of its retrial.

█ It is obvious that the trial court considered that the record contained evidence of sufficient probative force to make out a prima facie case on defendants' cross-action, for otherwise the defendants would not have obtained judgment for $4,373.58. We do not believe that defendants made out a prima facie case on cross-action and are of the opinion that we would have been obliged to affirm a judgment for the plaintiff had one been entered in the court below denying defendants any affirmative relief. In our opinion the defendants failed to make out the requisite prima facie case by reason of the fact that their proof did not contain an essential ingredient, i. e., evidence that certain chicken feed sup-

plied in the first instance by plaintiff to defendants, and in the second instance by defendants to growers who were supposed to feed the same to certain chickens according to specified or standard procedures, actually conformed to the procedures contemplated by plaintiff and the defendants (by the contract of warranty the jury found to have been in effect between the parties). If it did conform the breach of warranty would stand prima facie proven in that there was other proof which established that the feed did not produce that amount of weight increase in the chickens to which plaintiff's product was fed in accordance with the contract of warranty, by reason of which the defendants sustained the loss against which plaintiff indemnified them. It is obvious from the record that evidence to supply the missing element of proof is available to defendants upon the occasion of another trial.

Had the judgment in the lower court been against the defendants on their entire cross-action it would appear that it would have been our duty to affirm such judgment under our opinion that there was no evidence on which a contrary judgment could be founded. Here, however, we have a judgment for the defendants on their cross-action which we must reverse because of the plaintiff's point of error (of "no evidence") when it is obvious that the reason why the point is good is because the defendants' case on cross-action was not fully developed. Certain language in 4 Tex.Jur. 2d, p. 522, et seq. "Appeal and Error— Civil", Sec. 914 "Remand where case not fully developed", (3B Tex.Jur., p. 613, et seq., sec. 1019) indicates that the propriety of remand would not exist in such a situation unless it appeared that the prevailing party had been either prevented from fully developing his case or that his omission to do so was excusable. However, the most recent authoritative decision on the question seems to be the case of Davis v. Gale, Tex.1960, 330 S.W.2d 610, in which our Supreme Court stated that when the justice·

of the case demands another trial to give an appellee an opportunity to supply additional evidence upon which to found a similar judgment to that which the court reverses, a remand rather than a rendition of the case is the proper judgment. We are of the opinion that to the extent the case involves the defendants' cross-action justice requires that it should be retried.

■ That the obligations under the parties' warranty contract were not merged into the note and chattel mortgage of June 10, 1958, thus extinguishing any antecedent liability of plaintiff to defendants, become obvious when it is observed that no reference to the warranty contract is made by either the note or mortgage. If the instruments, executed on June 10, 1958, were intended to accomplish such a purpose they would together constitute a completed memorial of a legal transaction which would deny efficacy to any and all prior or contemporary expressions of the parties relating to the same subject matter as that to which the written memorial had application, and proof thereof would be inhibited by the Parol Evidence Rule. The language of the note recites that the defendants should "remain primarily liable on this note * * * unaffected by * * * any agreement or transaction between the mortgagee (the plaintiff) and any transferee * * * forbearance or extensions of time, guarantee or assumption by others, or any other matter * * *." The language of the mortgage recites that the defendants, "for the consideration of Forty Six Thousand Eight Hundred Eight and 69/100 ($46,808.69) Dollars paid * * *, receipt whereof is hereby acknowledged, does (do) hereby, bargain, sell, transfer and convey * * *" etc. in accordance with usual language to be found in chattel mortgages. Further provision of the mortgage reads as follows: "No party to this instrument shall be discharged by * * * or any other act except a release or discharge of this instrument upon the full cash payment of the indebtedness secured hereby including charges and interest. All indebtedness secured by this mortgage is payable at the office of General Mills, Inc. in the City of Fort Worth, Tarrant County, Texas."

■ "Merger", with respect to the law of contracts, refers to the extinguishment of one contract by its absorption into another contract, and is largely a matter of intention of the parties. However, there is obviously no merger if the subsequent writing does not relate to or include the subject matter of the prior oral agreement. 13 Tex.Jur.2d, p. 509, et seq. "Contracts", Part VII "Merger", sec. 276 "In general; Presumption that existing oral agreement is merged into subsequent writing" (10A Tex.Jur., p. 447, et seq., sec. 218). In addition it must be remembered that a warranty contract is more or less an unqualified promise of indemnity against a failure in the performance of a term in the contract, and in relation to the sale of goods "warranty" signifies an independent subsidiary promise, collateral to the main object of the contract, the breach of which gives rise to a claim for damages. 13 Tex. Jur.2d, p. 343 "Contracts", Part IV "Construction of Agreement", sub. 4 "Warranties," sec. 159 "In general" (10A Tex. Jur., p. 429, et seq., sec. 212). In the instant case the oral contract of warranty, as applied to the plaintiff's goods, was a subsidiary independent matter of agreement as applied to the main or sales contract itself, and was not merged into the transaction of June 10, 1958, nor affected by the terms and provisions of the note and mortgage as the written memorial of said transaction.

Despite what we have said we do not believe that the defendants would be entitled to reversal because of the trial court's action disregarding the special issues by which the jury answered questions in their favor about the matter discussed, since there was no evidence which warranted the submission of the issues.

The defendants predicate a point of error upon the action of the trial court in disregarding the jury's finding that the place of payment of the note executed on June 10, 1958, viz. "at the office of General Mills, Inc., in the City of Fort Worth, Tarrant County, Texas", was typed on the face of the note after it had been signed by them. All the testimony in the record indicated that there was no oral authorization given by the defendants to anyone relative to such an insertion. Based upon the jury's answer the defendants contend that there was a material alteration vitiating the note and foreclosing any right to impose liability upon them because of their execution of the same. We overrule the point.

But for the fact that the mortgage, executed simultaneously, provided that the note was payable at Fort Worth, in Tarrant County, we would be inclined to agree with the defendants that such addition to the note constituted a material alteration, it being obvious that such would not only require the obligors to pay the note in Tarrant County, but, in the event of suit, to defend in Fort Worth. It must not be overlooked, however, that the mortgage amounted to a contract in writing to pay the note in Tarrant County and demonstrated that such place of performance was contemplated by the parties. We are of the opinion that the alteration of a negotiable instrument so as to make the same payable according to a binding contract in relation thereto, and in the addition of provisions not inconsistent therewith, could not be a material alteration which would vitiate the instrument.

Although a negotiable instrument the note was never negotiated. Between the time the note was executed and the time of the suit and judgment the parties were free to enter into contracts relative thereto. The Uniform Negotiable Instruments Act provides that a material alteration avoids the instrument *except as against a party who has himself authorized, as-sented, or himself made the alteration, and subsequent endorsers.* Section 124 of the Negotiable Instruments Act of Texas, Vernon's Ann.Texas St. Art. 5939 "Discharge of negotiable instruments" is substantially identical to applicable articles of the Uniform Act and honors the aforesaid principle. Conversely stated, by implication, Art. 5939 provides that a material alteration which has the assent of all the parties liable upon the instrument altered does not avoid same. It is said to be a well established general rule that the material alteration of an instrument, made with the authority or consent of parties thereto, will not render it invalid as to such consenting parties, and such rule is not a matter of question in the case of certain instruments not under seal, including promissory notes. 2 Am.Jur., p. 611, "Alteration of Instruments", Part 5 "Authorization or Consent", sec. 19 "In General". See also 3 Tex.Jur. 2d, p. 42 "Alteration of Instruments", sec. 8 "Authorization or consent" (2 Tex.Jur., p. 700, sec. 8).

It is believed that holdings necessarily expressed and implied in what we have hereinabove written disposed of all points of error presented to us. All points of error presented by the parties who were defendants in the trial court are overruled. We sustain the cross assignments of error of the company, plaintiff in the trial court, which relate to the error in entering judgment based upon the special issues in the verdict allowing the defendants to recover damages of $4,373.58 on the ground that there was no evidence sufficient to establish the defendants' prima facie case on cross-action. All other cross assignments of error are overruled.

In so far as the judgment applies to the cause of action of plaintiff General Mills, Inc., the same is affirmed. In so far as the judgment applies to the cross-action of the defendants K. P. Whiddon and Jesse Allen, Jr., the same is reversed and remanded for another trial.