**Gregory R. DUNCAN, Appellant,**

v.

**LUKE JOHNSON FORD, INC. et al., Appellee.**

**No. B2147.**

Court of Civil Appeals of Texas, Houston (14th Dist.)

Jan. 9, 1980.

Rehearing Denied Jan. 30, 1980.

Gail Magers, Sullins & Johnston, Houston, for appellant.

Robert E. Price, Lockett, Embry & Cantey, Houston, for appellees.

Before SALAZAR, COULSON and JUNELL, JJ.

SALAZAR, Justice.

Appellant, Gregory R. Duncan, filed this lawsuit for damages pursuant to the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (Vernon 1978–1979), alleging that deceptive acts were committed by appellees in the sale of a 1974 Ford van to appellant with a six cylinder engine when appellant Duncan had planned to buy an eight-cylinder engine. The jury returned a favorable verdict and awarded appellant $150.00 damages as the difference in the fair market value of the van in question with an eight-cylinder engine and one with a six-cylinder engine; awarded appellant's attorney

$3500.00 in attorney's fees; and awarded appellant $2000.00 for mental anguish. Appellees' motion for judgment non obstante veredicto was then granted by the trial court. Appellant Duncan pursues this appeal from the take-nothing judgment.

Appellant Duncan went to appellee Luke Johnson Ford, Inc. in July, 1974, to purchase a van. He testified that this vehicle was to be his first; that he had no driver's license at the time; and that his primary purpose for purchasing a van was to commute to work and for recreation. When appellant inspected the vehicle in question, the van had no sticker on any window. Appellant, accompanied by a salesperson, looked inside the front of the van in the motor section and didn't actually see the engine.

At the time of purchase, appellant Duncan signed a contract and when a copy of it was returned to him, the numbers "302" were written in the upper section of the contract where the type of engine was to be designated. It was established at trial that "302" designated an eight-cylinder engine. It was apparent that several handwritings were evident on the contract, i. e. different individuals had filled in various sections. The identity of the person who wrote "302" on the contract was never established at the trial, by the appellant, or anyone else.

Appellant complained that the van lacked the power he thought it should have. The van had stalled several times; for example, once on a beach in a gulley and other times when appellant was on an incline. He admitted as well at trial that his inability and an improper release of an unfamiliar clutch could have stalled a vehicle with a standard shift such as the van in question. Appellant drove the vehicle for nearly 7,000 miles over five months from the date of purchase when on a trip and in Canada, he discovered from a mechanic that the van had six cylinders.

Appellant sued the dealership, appellee Luke Johnson Ford, Inc., and appellees Dillard Foil and Richard Raymond. Appellee Raymond's signature appears on the contract. At the closing of the deal, he had filled in some parts of the contract but not the "302" and transferred it to appellee Foil for approval. Appellee Foil was the sales manager at that time.

Appellee Raymond was not the salesperson who showed appellant Duncan the van in question and other vans on the lot. Evidently on the first day of trial, appellant realized that appellee Foil was not the salesperson in question. Appellant had never seen appellee Foil prior to trial and had never dealt with appellee Foil. It was not established as to when the contract was actually filled in with the "302". Appellant testified that he assumed it was filled out when appellee Foil allegedly signed the contract.

There was uncontroverted testimony by appellee Foil that appellant Duncan did not pay for an eight-cylinder engine. Appellee Foil testified that there was no firm price for which vehicles were sold.

To overrule the action of the trial court in granting a motion for judgment non obstante veredicto, we must determine that there was more than a scintilla of evidence upon which the jury could have made the findings against appellees. In making this determination, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences to the contrary. *Miller v. Bock Laundry Machinery Company*, 568 S.W.2d 648 (Tex.1977). We do not find that appellees committed such actionable false, misleading or deceptive acts as alleged by appellant Duncan so as to be more than a mere scintilla of evidence to justify the jury's findings. The identity of the unknown salesperson was not made known by discovery prior to trial. We further hold that there was insufficient evidence to justify the award of $2000.00 as damages for mental anguish in the absence of physical injury. See *Dennis Weaver Chevrolet, Inc. v. Chadwick*, 575 S.W.2d 619 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.).

807

The trial court properly excluded appellant's testimony as to the misrepresentation made by an unknown party allegedly a salesperson for appellee Luke Johnson Ford, Inc. Appellant offered no evidence as to the identity of the party to the transaction at issue except for his assertion that it must have been a salesperson of appellee Luke Johnson Ford, Inc.

Having reviewed the points of error urged by appellant and the cross-points of error urged by appellees, we respectfully affirm the judgment of the trial court.