Gregory R. DUNCAN, Petitioner,

v.

LUKE JOHNSON FORD, INC. et
al., Respondents.

No. B–9223.

Supreme Court of Texas.

May 28, 1980.

Sullins & Johnston, Gail E. Magers, Houston, for petitioner.

Law Offices of Karl C. Hoppess, Warren G. King, Houston, for respondents.

CAMPBELL, Justice.

This is a deceptive trade practice case arising from representations made to Plaintiff Duncan in connection with the sale of a van. The trial court rendered judgment non obstante veredicto for Defendants Luke Johnson Ford, Inc., Dillard Foil, and Richard Raymond. The Court of Civil Appeals affirmed the judgment of the trial court. 593 S.W.2d 802. We reverse the judgment of the Court of Civil Appeals and render judgment for Duncan against Luke Johnson Ford, Inc.

Duncan went to Luke Johnson Ford in July of 1974 to buy a van. He had not owned nor driven an automobile before. He wanted to convert the van into a camping vehicle and specifically wanted an eight-cylinder engine in order to give him the needed power. He bought a van and several months later discovered it was a six-cylinder.

Duncan alleged that Foil, the sales manager for Luke Johnson Ford, Inc., represented to him the van had eight cylinders; that he signed a contract which stated the engine is a "302" engine, which signifies an eight-cylinder engine; and Defendant Raymond, the salesman for Luke Johnson Ford, Inc. and David Berk, fleet sales manager, looked at the contract and failed to respond to his statement that "he was happy he was getting an eight-cylinder van." He further alleged these affirmative statements and Raymond and Berk's failure to disclose the size of the engine constituted a violation of the Consumer Protection Act and prayed

for judgment, jointly and severally, against the three defendants. However, at trial Duncan testified that it was not Foil who represented the van had eight cylinders; he thought it was Foil, and he did not know the salesman's name.

The jury found that: Luke Johnson Ford, its agents, servants or employees, represented the van had an eight-cylinder engine when in fact it had only a six-cylinder engine; Duncan was charged an additional sum for an eight-cylinder engine; and that Duncan was entitled to $150 difference in the value of the van with an eight-cylinder engine as opposed to a van with a six-cylinder engine, $3,500 attorney's fees, and $2,000 mental anguish. The trial court held there was no evidence of probative force to sustain the verdict and rendered judgment for the defendants.

We hold there was evidence of probative force to support the jury verdict that Luke Johnson Ford represented the van had an eight-cylinder engine and Duncan's sustained damages of $150. In making this determination we review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and reject the evidence and inferences to the contrary. *Miller v. Bock Laundry Machine Company,* 568 S.W.2d 648 (Tex.1977).

Duncan testified that on his second trip to Luke Johnson Ford he told a salesman, whose name he did not know, what he was in the market for. He would be using the vehicle for a camper and would require a larger engine. The van he bought did not have a sticker list glued on the window so he asked what size engine it had. The salesman stated he "believed it was a 302 V-8 engine and he opened up the front of the vehicle." Duncan could not see the engine. Duncan decided he wanted the van and went with the salesman to the office. The salesman gave Duncan a blank contract to sign and told him if he would fill it out it would show his good faith to purchase the van and he would finalize the price with the sales manager. Duncan signed the blank contract. Duncan was asked "Did you see anything that would make you think you were getting a 302 V-8 engine?" He answered "Yes. When we went back in the office, since there was no sticker on the window I asked the salesman."

Duncan further testified there was a sales list which he was shown that showed the engine to be a 302 V-8. He did not see the contract again until he was given the final copy and it showed the van to have a V-8 engine. While he was waiting in the office Richard Raymond, a salesman for Luke Johnson Ford with whom he had talked before, came in and talked to him about the purchase of the van and congratulated him for buying the vehicle. He mentioned to Raymond that he was happy to get a vehicle with a 302 engine and Raymond did not tell him the van had a six-cylinder engine. Raymond was the salesman with whom Duncan first talked and was the salesman whose name appeared on the contract.

On cross-examination, Duncan was asked about the allegations in the petition. Reading from the petition, Luke Johnson Ford's attorney asked, "At that point plaintiff was assured that he had an eight-cylinder engine by Dillard Foil. Is that correct?" Duncan's reply was "Again by the salesman that I identified, that I had believed to be Dillard Foil, yes, that is correct." Defendant's attorney further asked "Now, you have testified earlier that you were shown a stock card or some kind of inventory list or something or other that it was pointed out to you that this car had a 302." Duncan answered "That is correct." Duncan asked the salesman for proof that the motor was a V-8 and he was shown a stock card that did say V-8. On cross-examination Duncan was asked "And you actually saw 302 V-8 typed on this piece of paper?" To which he replied "That's correct. . . . He showed me a piece of paper with 302 V-8 engine."

Dillard Foil, the sales manager, admitted a mistake was made in indicating on the sales contract that the van had a V-8 engine. He testified that there were three handwritings on the final contract and he

could offer no reason why his signature was not on the contract or why the blanks showing the contract had been accepted by Luke Johnson Ford was not signed.

The jury found Duncan's damages to be $150. Duncan had priced a van at another Ford dealership which had a V–8 engine and similar options and it was about the same price as the one he bought at Luke Johnson Ford. The difference in price in a six-cylinder engine is a little over $100. When Duncan discovered the mistake, he contacted Mr. Felton of Luke Johnson Ford and Mr. Felton offered the retail difference between the two engine sizes on the vehicles which was $150.

■■ Damages cannot be recovered for mental anguish alone. *Harned v. E–Z Finance Company*, 151 Tex. 641, 254 S.W.2d 81 (1953). In the present case there is no proof of a willful tort, gross negligence, willful disregard, or mental anguish causing physical damage. There is no evidence to support the award of damages for mental anguish. *Duty v. General Finance Company et al.*, 154 Tex. 16, 273 S.W.2d 64 (1954).

The judgments of the courts below are reversed and judgment is here rendered that Gregory R. Duncan recover from Luke Johnson Ford, Inc., his damages of $150, trebled together with attorney's fees of $3,500.