**NORTH STAR DODGE SALES,
INC., Appellant,**

v.

**Yolanda LUNA, Appellee.**

**No. 04–81–00314–CV.**

Court of Appeals of Texas,
San Antonio.

May 30, 1984.

Rehearing Denied June 25, 1984.

Harry B. Adams, III, Larry D. Brockman, Universal City, for appellant.

Barry Snell, Pat Maloney, San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

BUTTS, Justice.

This deceptive trade practices case, Deceptive Trade Practices and Consumer Protection Act, TEX.BUS. & COM.CODE ANN. §§ 17.41—17.63 (Vernon Supp. 1984),[1] has been remanded from the Supreme Court for this court to determine the factual sufficiency of certain evidence. *Montfort v. Jeter*, 567 S.W.2d 498 (Tex. 1978). Also questioned is whether the damages awarded were excessive. The facts pertinent to the appeal are set out fully in *North Star Dodge Sales, Inc. v. Luna*, 653 S.W.2d 892 (Tex.App.—San Antonio 1983) and *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115 (1984).

---

**1.** Hereinafter all statutory cites are to the Texas Deceptive Trade Practices Act §§ 17.41—17.63

### DAMAGES FOR LOSS OF USE OF AUTOMOBILE

■ Luna, seeking recovery for loss of use of her automobile from the time she left her 1980 Dodge Omni at North Star Dodge until the date of trial, did not rent a substitute automobile or alternative transportation. She testified she thought the reasonable rental value of her car was approximately $100.00 per week. A man in the auto leasing and rental business testified the reasonable rental value in April 1980 was $108.00 per week plus approximately $0.18 per mile. Actual damages awarded, based on the jury verdict, after remittitur for excessiveness, was $5,200 and additional damages were $15,600.

This court set those damages aside since Luna did not prove she actually incurred losses by renting a substitute automobile or paying for alternative transportation. Overruling this holding, the Supreme Court stated this rule: In order to prove loss of an automobile, the plaintiff need not rent a replacement automobile or show any amounts actually expended for alternative transportation. (We omit the citations of other jurisdictions cited in that opinion). The court further held:

> To prove up loss of use, the reasonable rental value of a substitute automobile is sufficient evidence to support an award of actual damages. The period of compensatory loss of use will be the amount of time the plaintiff was deprived of the loss of use of the automobile. The evidence put before the jury may be a reasonable rental value by the day, week, or month.

The Court held that "Luna has suffered compensable inconvenience for the loss of use of her car." This court is bound by the Supreme Court's pronouncement on the law. Applying the specific test announced in this case, and the requirement of review of the evidence as to factual sufficiency, *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), we hold the evidence introduced

(Vernon Supp.1984).

by Luna is factually sufficient to support the finding awarding her damages for loss of use of her automobile.

 North Star Dodge further argued in this court that the damages awarded for loss of use of the automobile were excessive. Actual damages, after remittitur required by the trial court, were $5,200. Additional damages, after remittitur, were $15,600. In determining whether a verdict is excessive, we must consider the evidence in the light most favorable to the award. *Green v. Rudsenske*, 320 S.W.2d 228, 235 (Tex.Civ.App.—San Antonio 1959, no writ). This court will not disturb a jury award on the grounds of excessiveness if there is any evidence to sustain the award. *J.A. Robinson Sons, Inc. v. Ellis*, 412 S.W.2d 728, 743 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). Accordingly, we decline to find the awards of actual damages and additional damages, after remittitur, for loss of use of the automobile were excessive.

## DAMAGES FOR MENTAL ANGUISH

 In this case the jury found that North Star Dodge committed an unconscionable action or course of action against Luna. They further found the unconscionable action or course of action was committed *knowingly*. It is well known that the recovery of damages for mental anguish is dependent on the establishment of an intentional tort, gross negligence, willful and wanton disregard, or accompanying physical injury. *Farmers and Merchants State Bank of Krum v. Ferguson*, 617 S.W.2d 918, 921 (Tex.1981); *Duncan v. Luke Johnson Ford, Inc.*, 603 S.W.2d 777, 779 (Tex.1980). Damages cannot be recovered for mental anguish alone. *Id.* In *Duncan*, the court held there was no proof of a willful tort, gross negligence, willful disregard, or mental anguish causing physical damage, and thus, no evidence to support the award of damages for mental anguish. In the present case the Supreme Court stated:

> Gross negligence means that there was an 'entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it.' *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (1981).
> If a person commits a wrongful act with actual awareness of the falsity, deception or unfairness of the act, then this is a more culpable mental state than one who is grossly negligent. We are not attempting to equate the terms gross negligence, knowingly, willful and intentional. These terms lie on a continuum with gross negligence being the lowest mental state and intentional being the highest. *If grossly negligent conduct is sufficient to allow a plaintiff to recover mental anguish damages, then 'knowing' conduct is also sufficient.* (Emphasis added.)

 The Supreme Court held the jury's finding that the unconscionable actions of North Star Dodge were committed "knowingly" was sufficient to support recovery of mental anguish damages. Damages for mental anguish, therefore, are recoverable when there is proof of willful tort, willful and wanton disregard, *knowing conduct*, gross negligence, or accompanying physical injury.

 The recovery of mental anguish damages in a deceptive trade practices action brought pursuant to section 17.50 may be obtained, provided the complained of acts were done "knowingly." Section 17.-45(9) provides:

> "Knowingly" means actual awareness of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim or, in an action brought under Subdivision (2) of Subdivision (a) of Section 17.50, actual awareness of the act or practice constituting the breach of warranty, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

The finding of this culpable mental state already supports an award of treble damages. § 17.50(b)(1). It may now also sup-

port recovery of damages for mental anguish.

■ Under the rule just stated, we have reviewed the evidence according to the guidelines set out in *In re King's Estate, supra,* and find the evidence is factually sufficient to support the finding of mental anguish and, consequently, the finding of damages therefor. This court relies upon the finding of the culpable mental state of "knowingly" to support the mental anguish award, as the record does not disclose evidence of a willful tort, willful and wanton disregard, gross negligence, or physical injury.

We further find the evidence is factually sufficient to support the finding that the unconscionable course of action was a producing cause of Luna's mental anguish. This is a point not earlier addressed because of our conclusion that there was no evidence to support the finding of mental anguish.

Excessiveness of the award of $5,200, actual damages and $15,600 additional damages, after remittitur, was also challenged but not addressed by this court for the same reason. We now find we cannot say the award of damages in this matter is clearly excessive. *Russell v. Truitt,* 554 S.W.2d 948, 955–56 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.