DAVID E. DUTY ET UX V. GENERAL
FINANCE COMPANY ET AL

No. A-4645. Decided November 3, 1954
Rehearing overruled December 22, 1954.
(273 S.W. 2d Series 64)

*Edward C. Fritz,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that the allegations set forth in plaintiff's petition failed to state a cause of action, and in further holding that plaintiff's suit for injunctive relief and for usurious double damages were not within the jurisdiction of the District Court. Stuart v. Western Union Tel. Co., 66 Texas 580, 18 S.W. 351; Hill v. Kimball, 76 Texas 210, 13 S.W. 59; Evans v. McKay, 212 S.W. 680.

*H. B. Houston, Ed C. Stearns, Z. E. Combes* and *Carl C. Mays,* all of Dallas, for respondents.

In response cited Pye v. Cardwell, 110 Texas 572, 222 S.W. 153; Sisler v. Mistrot, 192 S.W. 565; Houston Electric Co., v. Dorsett, 145 Texas 95, 194 S.W. 2d 546

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The controlling question in this case is the right of borrowers to recover damages for mental anguish and physical injuries wilfully and wantonly inflicted on them by wrongful devices practiced by lenders for the purpose of collecting claimed balances due them on notes given by the borrowers. Another injury alleged was the loss of employment by Mrs. Duty. Without detailing the proceedings below, it is sufficient for the purpose of this opinion to state that the trial court held that petitioners' petition stated no cause of action for damages, and that he case was affirmed by he Court of Civil Appeals in a majority opinion. _____ S.W. 2d _____.

In their petition petitioners, as plaintiffs in the trial court, alleged that the various defendants acting in conspiracy and individually conducted a course of harrassment and excessive and wrongful collection efforts against them from the first time they missed a payment on any of their loan transactions until after they had filed this suit. The harrassments alleged may be summarized as follows: Daily telephone calls to both Mr. and Mrs. Duty, which extended to great length; threatening to blacklist them from the Merchants' Retail Credit Association; accusing them of being deadbeats; talking to them in a harsh, insinuating, loud voice; stating to their neighbors and employers that they were deadbeats; asking Mrs. Duty what she was doing with her money; accusing her of spending money in other ways than in payments on the loan transaction; threatening to cause both plaintiffs to lose their jobs unless they made the payments demanded; calling each of the plaintiffs at the respective places of their employment several times daily; threatening to garnishee their wages; berating plaintiffs to their fellow employees; requesting their employers to require them to pay; calling on them at their work; flooding them with a barrage of demand letters, dun cards, special delivery letters, and telegrams both at their homes and their places of work; sending them cards bearing this opening statement: "Dear Customer: We made you a loan because we thought that you were honest."; sending telegrams and special delivery letters to them at approximately midnight, causing them to be awakened from their sleep; calling a neighbor in the disguise of a sick brother of one of the plaintiffs, and on another occasion as a stepson; calling Mr. Duty's mother at her place of employment in Wichita Falls long distance, collect; leaving red cards in their door, with insulting notes on the back and

thinly-veiled threats; calling Mr. Duty's brother long distance, collect, in Albuquerque, New Mexico, at his residence at a cost to him in excess of $11.00, and haranguing him about the alleged balance owed by plaintiffs.

It was further alleged that all of the above acts were wilful and were committed with knowledge that they could cause plaintiffs mental injury, would render them less capable of performing their work, and would cause them to suffer physical illness.

It was alleged that the foregoing course of conduct caused the plaintiffs to suffer, among others, the following injuries: Both plaintiffs developed a state of high nervousness, irritability, and inability to perform their work as well as they had previously performed it; they each developed severe headaches; Mrs. Duty's stomach was upset with nervous indigestion; they lost numerous hours of sleep; Mrs. Duty was discharged from her work at a cafe as a result of the excessive harrassing attacks by defendants and as the result of her decline in ability to work; the credit rating of plaintiffs was destroyed; Mrs. Duty became unable to do her housework; and she lost weight which she could not afford to lose.

■ The majority opinion of the Court of Civil Appeals is based on the conclusion that the case is ruled by our decision in Harned v. E-Z Finance Company, 151 Texas 641, 254 S.W. 2d 81, and that the language of that opinion clearly indicates that a cause of action was not alleged in this case. Petitioners do not attack that decision or call upon us to reconsider the question there decided. It is their position that, properly interpreted, the opinion in that case is no authority for denying them recovery in this case. We are in accord with their position. What was held in that case was that damages cannot be recovered for mental anguish alone, but the question of whether such damages may be recovered when there is also physical injury, injury to property, or other elements of actual damages was not before the court. The opinion in that case reviews the leading decisions and the views of eminent text writers on this troublesome question, and there is no occasion for another review of them in this opinion. Among the cases reviewed was Clark v. Associated Retail Credit Men, 70 App. P.C. 183, 105 Fed. 2d 62, a case upholding the recovery of damages for physical injuries growing out of mental distress from excessive efforts by a creditor to collect a claimed indebtedness. Our opinion quoted from the opinion in that case this sentence: "In the present case the shock which defendant intentionally in-

flicted not only risked, but actually caused, physical harm." We observed that under those circumstances recovery had been repeatedly allowed, but stated that the decision in that case did not support the contention that damages would be recoverable when the only injury suffered was mental distress. In the Harned case no question of damages for physical injury, loss of property or reputation was involved. Our opinion recognized that, had there been an allegation of physical harm, a different question would have been presented. In the instant case petitioners have alleged physical injury, loss of employment, and acts constituting, in effect, slander, as well as mental anguish. No authorities other than those cited in the Harned case, supra, need be cited in support of our conclusion that those allegations are sufficient to state a cause of action.

Since the case has not been tried and we cannot know just what facts will be developed upon the trial, it would not be appropriate for us to enter into a discussion of the various allegations. Our holding is that petitioners have made sufficient allegations to entitle them to a trial of the case on its merits.

■ We have been furnished by a representative of the Retail Merchants' Association of Texas with an argument by amicus curiae in reply to the application for writ of error, in which the fear is expressed that a holding that a cause of action has been stated in this case would hamper the department stores, national banks and ethical professional men in the collection of obligations owing to them. The fear is not well founded. No such business concerns or ethical professional men will ever be guilty of such outrageous conduct as that described in the petition in this case. Besides, we do not hold that by reasonable efforts to collect usury a creditor runs the risk of liability for damages. A decision of the case before us does not require that we undertake to outline the limits to which such a creditor may go, but we do hold that resort to every cruel device which his cunning can invent in order to enforce collection when that course of conduct has the intended effect of causing great mental anguish to the debtor, resulting in physical injury and causing his loss of employment, renders the creditor liable to respond in damages.

The judgment of both courts below are reversed, and the cause is remanded.

Opinion delivered November 3, 1954.

Rehearing overruled December 22, 1954.