415 So.2d 1019 (1982)
Anthony J. CHAPPETTA and Yvonne Marie Chappetta
v.
BOWMAN TRANSPORTATION, INC., Roland L. Ridley, Jr., and ABC Insurance Company.
No. 12991.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
*1020 E. Phelps Gay, Christovich & Kearney, New Orleans, for appellants.
G. Patrick Hand, Jr., Hand & Markey, New Orleans, for appellees.
Before BYRNES, WARD and WILLIAMS, JJ.
WARD, Judge.
This is an appeal from a judgment of the Civil District Court in favor of plaintiffs Anthony Chappetta and his daughter, Yvonne Chappetta. Plaintiffs sued to recover damages they sustained when a truck driven by Roland Ridley, Jr., struck Mr. Chappetta's automobile which his daughter, Yvonne, was driving. Trial was held before the District Judge, who found that Ridley was negligent and liable for damages to both plaintiffs. He also held that defendant Bowman Transportation, Inc. [Bowman] was liable to both plaintiffs because Ridley was employed by Bowman and was driving the truck in the course of his employment when the accident occurred.
Although defendants concede that Ridley's negligence was proved, they contend the Trial Judge erred in his award of damages, and they have appealed. A brief description of the accident and the problems it created will aid in understanding some of the issues in this appeal.
Miss Chappetta was driving her father's automobile, a brand new Camaro, travelling west on Old Gentilly Highway. As she approached the intersection of the highway and Downman Road, she noticed the tractor-trailer truck, driven by Ridley, travelling south on Downman Road. Ridley drove into the intersection without first stopping at the stop sign controlling Downman Road traffic. Although she had the right of way, Miss Chappetta stopped the Camaro to let the truck pass. Ridley, however, abruptly made a left turn, and although the cab of the truck passed safely in front of the Camaro, the left rear wheels of the tractor-trailer came over the hood and on top of the roof directly over Miss Chappetta. After the accident, she was unable to leave the vehicle from the driver's side and had to be helped out of the passenger door. When her father arrived at the scene, she was hysterical, and he took her to Methodist Hospital, where she was examined. She was not physically injured, but she was later treated by her family physician for post-traumatic stress disorder.
Shortly after the accident, Mr. Chappetta's automobile was towed to Banner Chevrolet for repairs. Mr. Chappetta and Bowman attempted to settle any claims, but negotiations were unsuccessful, and Mr. Chappetta paid Banner $1,941.79 for the repairs. He was reimbursed by his collision insurance carrier, Allstate, for the cost of the repairs less $250.00 as a deductible. Allstate was subrogated to Mr. Chappetta's claim against Bowman, but after payment of the claim, Allstate immediately reassigned its subrogation right to Mr. Chappetta, and he agreed to pay Allstate when his claim against Bowman was settled.

PROPERTY DAMAGE
The Trial Judge awarded Mr. Chappetta damages for the full cost of the repairs, *1021 which included both the amount he paid because of the deductible and the amount Allstate paid under the collision policy. Defendants argue that the Trial Judge erred when he permitted proof of property damages that exceeded the amount requested in the petition because Mr. Chappetta only sued for the deductible. During trial, however, defendants did not object to the presentation of evidence of repair costs that exceeded the deductible. We therefore believe the Trial Judge was correct because, in the absence of a timely objection, the evidence was admissible although it exceeded the amount claimed in the petition.
Defendants also contend that Allstate was subrogated to the remainder of the claim and that Mr. Chappetta did not have a right of action to recover it. During trial, Mr. Chappetta testified that Allstate assigned its subrogation right to him and he promised to return to Allstate any money recovered under it. This court has previously held that a subrogation right can be assigned to the insured, who then has a right of action to enforce it; moreover, the assignment may be made orally and may be proven like any other fact. Rond v. Sims, 355 So.2d 591 (La.App. 4th Cir. 1978), writ den. 357 So.2d 1164 (La.1978).
We believe, as the Trial Judge believed, Allstate could assign its right of subrogation and the assignment was proven by a preponderance of the evidence. Mr. Chappetta, therefore, may recover the full cost of repairs. The Trial Judge did not err.
In addition to the full cost of repairs, the Trial Judge also awarded Mr. Chappetta $1,000.00 for depreciation to his automobile. Defendants contend that the Trial Judge erred and argue that the automobile did not depreciate, and alternatively, if there was any depreciation, faulty repair work caused it. During trial both Mr. Chappetta and his daughter testified that the car rattled and handled poorly after the accident in spite of the repairs and in contrast to its performance before the accident. An expert testified for plaintiffs that when an automobile has been seriously damaged, although repaired, the tradein value of the car is less. Nevertheless, an expert testified for defendants that when a car damaged in an accident is properly repaired, the value is the same after the accident as it was before. The Trial Judge made a finding of fact; Mr. Chappetta's automobile had depreciated and the depreciation was caused by the accident, not the faulty repairs.
There is no question but that "additional damages may be recovered for the diminution of value by virtue of the vehicle having been involved in an accident, provided proof of such value be made." Traders & General Insurance Co. v. Robison, 289 So.2d 178 (La.App. 1st Cir. 1973). In this case, the only question is one of proof, and we believe, as the Trial Judge believed, there was proof by a preponderance of the evidence that Mr. Chappetta's automobile depreciated in value as a result of the accident.

RENTAL CAR
The Trial Judge awarded to Mr. Chappetta $1,196.80 for the cost he incurred when he rented an automobile while his car was being repaired. Defendants claim this was excessive.
The owner of an automobile damaged in an accident may recover expenses of renting an automobile for a reasonable time, but he must exercise diligence to promptly repair or replace the damaged automobile. Nolan v. Liuzza, 301 So.2d 892 (La.App. 4th Cir. 1974). What is a reasonable time and whether the owner made diligent efforts to promptly repair or replace the damaged vehicle are questions of fact that must be decided by the Trial Judge (or jury) on a case by case basis.
In this case negotiations between Mr. Chappetta and Bowman delayed repairs; Mr. Chappetta had hoped to have his new Camaro replaced; Bowman was equivocal in its response. When Bowman finally refused to replace the automobile, Banner Chevrolet could not repair it immediately because Banner did not stock parts to repair brand new automobiles. The Trial Judge *1022 obviously believed that Mr. Chappetta made diligent efforts to repair or replace the automobile and the expenses were reasonable. That finding is supported by the record. It is not manifestly erroneous, and it will not be disturbed.

MENTAL ANGUISH
The Trial Judge also awarded to Yvonne Chappetta $1,000.00 for bodily injuries, fear, and worry. Defendants contend the Trial Judge erred. They argue that because Miss Chappetta was not physically injured she cannot recover damages for emotional injuries, and they rely on Chriss v. Manchester Insurance & Indemnity Co., 308 So.2d 803 (La.App. 4th Cir. 1975) for the rule that "[i]n negligence cases involving injury to property this court has limited recovery of damages for emotional stress (unaccompanied by physical injury) to those cases where the disturbance causes bodily harm or illness." That case also quotes Prosser's Handbook of the Law of Torts, Ch. 9, p. 329 (4th ed., 1971):
The temporary emotion of fright, so far from serious that it does no physical harm, is so evanescent a thing, so easily counterfeited, and usually so trivial, that the courts have been quite unwilling to protect the plaintiff against mere negligence, where the elements of extreme outrage and moral blame which have had such weight in the case of the intentional tort are lacking. (Footnotes omitted)
Miss Chappetta did not sustain physical injury, but she contends that more recent cases permit recovery for mental anguish. She argues that courts have recently approved damages for mental anguish, although not accompanied by physical injury, "to persons who are present or nearby when the accident causing the damage occurred and [who] experienced a real psychic trauma in the nature of or similar to a physical injury as a result of the accident." Hymel v. Tom Alexander Brokerage Co., 348 So.2d 104 (La.App. 4th Cir. 1977), writ den. 350 So.2d 894 (La.1977). However, "[i]n order to recover for mental anguish, it must be proven that plaintiff suffered more than minimal worry and inconvenience over the consequences of the damage." Meyers v. Basso, 381 So.2d 843 (La.App. 1st Cir. 1980), writ den. 384 So.2d 794 (La.1980).
In this case there was more than fright. Miss Chappetta was hysterical after the accident, and she was immediately taken to the hospital. Shortly thereafter she sought treatment from her family physician, Dr. Francis Lothschuetz. At that time she complained of headaches, anxiety, and recurring nightmares of the accident which caused difficulty sleeping. Dr. Lothschuetz diagnosed her symptoms as an acute severe anxiety complex secondary to the automobile accident and the associated emotional trauma, and he prescribed tranquilizers. One month later, Miss Chappetta returned to Dr. Lothschuetz and complained of continued headaches and tightness in the neck muscles. Dr. Lothschuetz diagnosed this as emotional problems that were related to the accident.
We believe, as the Trial Judge believed, that Miss Chappetta should be compensated for emotional injuries caused by the accident, although they were independent of any physical injuries. We base our opinion on this court's decision in Hymel v. Tom Alexander Brokerage Co., supra, which supports our view that when emotional injuries are proven by a preponderance of the evidence to exist and to have been caused by a negligent act, damages should be awarded for those injuries, even when they are not accompanied by physical injuries. We believe there is no reason to distinguish between physical injuries and independent emotional injuries and to award compensation for one but not for the other.
We recognize the legitimate fear that frivolous claims may be made, but frivolous claims have been made for physical injuries. The problem, if any, is one of proof, and emotional injuries, like physical injuries, must be proven by a preponderance of the evidence. More difficult and quite unlike physical injuries is the question of whether they can be proven to be caused by the negligent act of another. Nevertheless, we believe the question is capable of answer by *1023 the trier of fact with the aid of competent expert witnesses. We also recognize that the extent of protection afforded to another's interest in freedom from emotional injury, just as for physical injury, must have reasonable limitations, but duty/risk analysis and proximate cause concepts serve to limit liability to those emotional injuries that were foreseeable or that could have been reasonably anticipated to result from the negligent act.
Other states have awarded compensation for emotional injuries although unaccompanied by physical injury. Molien v. Kaiser Foundation Hospitals, 27 Cal.3d 916, 167 Cal.Rptr. 831, 616 P.2d 813 (Cal.1980); Campbell v. Animal Quarantine Station, 632 P.2d 1066 (Hawaii 1980). Although the majority of states have limited compensation to those injured within a zone of danger, we believe it is sufficient to require that the evidence prove that emotional injury exists which was caused by the negligent act of another, and when the particular emotional injury was foreseeable and could reasonably be anticipated, damages should be awarded.
In the instant case, although we do not believe fright is an emotional injury, we believe there was sufficient proof of emotional injury, post-traumatic stress disorder, to support the Trial Judge's award of damages. The circumstances of the accident and the expert testimony convince us that the emotional injuries were caused by the negligent act of Ridley and that these injuries could reasonably be anticipated to result from this act.
We therefore affirm and assess cost of trial and this appeal to defendants.
WILLIAMS, J., dissents with written reasons.
WILLIAMS, Judge, dissenting.
I respectfully dissent.
The facts presented by this case do not satisfy the requirements set forth by the court in Rond v. Sims, 355 So.2d 591 (La. App. 4th Cir. 1978): there is not sufficient evidence in the record to sustain a finding by the trial court that a valid assignment had taken place.