**Fred S. MOORE and Martha Theaker, Appellants,**

v.

**Douglas Stephen LILLEBO, Appellee.**

No. 08–82–00231–CV.

Court of Appeals of Texas, El Paso.

July 3, 1984.

Sept. 5, 1984.

Rehearing Denied Sept. 5, 1984.

Malcolm McGregor, El Paso, for appellants.

Sam Sparks, Grambling & Mounce, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

In this case, the mother and father complain of the trial court's failure to submit issues as to their damages for the loss of companionship and society and for mental anguish resulting from the death of their adult son and the failure to submit an issue as to damages for his conscious pain and suffering. Finding no error, we affirm the judgment of the trial court.

Paul Moore, Douglas Lillebo and Wilbert Lampe, all soldiers at Fort Sam Houston, left El Paso late at night to return to their duty station. About 6:00 a.m. on Sunday morning, July 10, 1977, Douglas Lillebo, the owner and driver of the car, apparently went to sleep near Kent, Texas, and the car went into the median, crossed back over

the highway, skidded and rolled over three times. Paul Moore was killed in the accident.

This wrongful death case by the surviving parents against the driver of the car was tried in March, 1982. The jury found the pecuniary damages of the father, Fred Moore, to be $2,500.00 and of the mother, Martha Theaker, to be $4,000.00. Negligence was attributed sixty percent to Lillebo and forty percent to Moore.

One requested special issue which was refused inquired as to Mrs. Theaker's damages "for the loss of companionship and society and for her mental anguish, if any, resulting from the death of Paul Moore." A similar issue was requested as to Mr. Moore's damages. The requested issue as to damages for the conscious physical pain and mental anguish of Paul Moore, prior to his death, was also refused. The court's refusal to submit these three issues is the basis for Appellants' three points of error.

In April, 1983, a year after this case was tried, the Supreme Court of Texas in *Sanchez v. Schindler*, 651 S.W.2d 249, held that a parent may recover damages under the wrongful death statute for loss of society and companionship and mental anguish resulting from the death of a minor child. That case lists twenty cases which it overruled, but only five of the cases are ones in which the decedent was a child. See: TORTS—Wrongful Death—Parents Allowed To Recover Damages for Loss of Companionship and Society As Well As Damages for Mental Anguish for Death of Minor Child Under Texas Wrongful Death Act, 15 St. Mary's L.J. 185 (n. 34) (1983). Although the court limited its holding in *Sanchez* to a minor child, Article 4671, Tex.Rev.Civ.Stat.Ann., applies to "an injury causing the death of any person" and permits recovery of damages for the wrongful death of an adult child. *Missouri-Kansas-Texas Railroad Company v. Pierce*, 519 S.W.2d 157 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

In order to complain about the trial court's failure to submit a special issue, the party must have requested the issue "in substantially correct wording." Rule 279, Tex.R.Civ.P. This means the issue must be in such form as the court could properly submit as presented. *Stuckey v. Union Mortgage & Investment Company*, 383 S.W.2d 429 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.); *Yellow Cab Company v. Smith*, 381 S.W.2d 197· (Tex. Civ.App.—Waco 1964, writ ref'd n.r.e.). The issues to be submitted to the jury are those raised by the written pleadings and the evidence in the case. *Johnson v. Karam*, 466 S.W.2d 806 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.). The trial court need not submit a special issue unless it is supported by the pleadings and evidence and is requested in substantially correct form. *City of Austin v. Selter*, 415 S.W.2d 489 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.). It is error to submit an issue which "permits the jury to speculate and to find losses not pleaded or not supported by evidence." *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87 (Tex.1973). These general rules apply to the damage issue also and where a party does not prove the elements of damage contained in the requested issue, the issue is properly refused. *Reiger v. DeWylf*, 566 S.W.2d 47 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.).

When confronted with a similar problem regarding a variance between pleadings and proof in *Scott v. Atchison, Topeka and Santa Fe Railway Company*, 572 S.W.2d 273 (Tex.1978), the court held the trial court should limit a broad issue to those acts or omissions which are included within the pleadings and supported by some evidence. A corollary to that rule would be that where a multifarious issue inquiring as to more than one item of damage is requested, the issue should be limited to the specific items included within the pleadings and supported by some evidence.

The evidence as to damages for loss of companionship and society is very meager. It does not establish a close family relationship. The son only saw his mother two weeks in a period of five or six years prior to his death. He never saw his father

the last two years of his life. There is no evidence that the parents had provided any support after Paul left home. In 4 Proof of Facts 147 (1960), there is a discussion of some of the elements which go to establish loss of comfort, society, protection and companionship. These elements include (1) the relationship of parent and child; (2) the continuous living together of the parties at and prior to the time of the wrongful death; (3) the lack of absence of the deceased for extended periods of time; (4) the harmonious family relationships; and (5) the common interest in hobbies, scholarship, art, religion or social activities.

■ In our case, there was proof of the parent and child relationship and harmonious relations with the mother prior to her divorce, but little relationship thereafter, and a good relationship with the father. There is no proof of any common interest and substantial proof of extended periods of absence from family members. Cases from other jurisdictions discuss these and other elements to be considered in the awarding of damages for loss of companionship and society. *Jones v. Carvell*, 641 P.2d 105 (Utah 1982) (kindly demeanor between members of the family); *Curry v. Fruin-Colnon Contracting Co.*, 202 S.2d 345 (La.Ct. of App., First Cir.1967) (closeness of the ties between the parties and the degree of love and affection). Although the evidence is meager, it does raise a fact issue as to damages for loss of companionship and society.

We now turn to the last element of damages in the two requested special issues. In this case, there is absolutely no evidence as to mental anguish suffered by either Mr. Moore or Mrs. Theaker. Mrs. Theaker's testimony consists of eight pages of questions and answers on direct examination and six pages 'on cross-examination. She identified pictures of her son. She described him as a very productive, hardworking boy, but one she seldom saw after her separation from Mr. Moore in 1970. Paul stayed with his father after the divorce and after spending two weeks with her in July, 1975, following his return from Europe, Mrs. Theaker never saw him again. There is no testimony concerning how she learned of her son's death, if she attended his funeral, or what effect the loss of this child had on her life.

Mr. Moore's testimony consisted of ten pages of questions and answers on direct examination, three pages of cross-examination and two pages of redirect examination. He identified pictures of his son, exhibits reflecting his earnings and read a letter he received from Paul after his son enlisted in the Army. He described the work Paul did around the house when his son lived with him after the parents' divorce and while he was stationed in Europe. Paul left Europe while his father was still there on assignment and returned to the United States in July, 1975. His father returned in September, 1976, but never saw his son again during the nine months before his death. There is no testimony concerning how he learned of his son's death, if he attended the funeral, or what effect the loss of this child had on his life.

■ It might be suggested that these items, loss of society and companionship and mental anguish, are all one and the same and if the evidence raises one element it raises the other element. But that contention has been rejected. In *Gulf States Utilities Company v. Reed*, 659 S.W.2d 849 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.), Chief Justice Brown, in his dissent, wrote:

> Loss of society, as defined, is included in the term "mental anguish" and the elements of damage thereof should not be separately submitted so as to invite, if not compel, a double recovery. "Mental anguish" and "loss of society" constitute *emotional distress* which should constitute one element of damages in a wrongful death case.

The Supreme Court of Texas did not accept this analysis and obviously agreed that these are separate elements which may be submitted separately. If they are separate elements, they must require separate proof. Otherwise a double recovery is permitted as Chief Justice Brown concluded.

In *Sanchez v. Schindler, supra,* Justice Spears noted that the judicial system has adequate safeguards to prevent recovery of damages based on sympathy or prejudice rather than fair and just compensation for the plaintiff's injuries. One of those safeguards is to refuse to submit to the jury an issue which has not been raised by the evidence. In this case, the trial court had before it no evidence to raise an issue as to mental anguish suffered by either parent. Without such evidence, the issue as requested was not in substantially correct form and was properly refused. Points of Error Nos. One and Two are overruled.

The last point of error asserts that the trial court erred in refusing to submit a requested issue as to the damages for conscious pain and suffering sustained by Paul Moore prior to his death. The burden of proof was upon the surviving parents to establish by a preponderance of the evidence that their deceased son actually suffered some conscious pain prior to his death as a result of the accident. *Carlisle v. Duncan,* 461 S.W.2d 254 (Tex.Civ.App.—Dallas 1970, no writ).

It would appear from the evidence that at the time the car left the highway the driver and both passengers were asleep. The testimony indicates that as the car approached a turn in the highway it proceeded forward into the median. There is no evidence that either passenger said anything to the driver when he failed to negotiate the turn and the car proceeded into the median. There is no testimony from either of the two survivors, both of whom testified, that Paul Moore was awake and aware of the approaching accident. Neither is there any evidence that he survived the accident. The autopsy report indicates that he sustained a fracture of the skull and a severe contusion of the brain. Douglas Lillebo was the first one to reach Paul after the accident and he said: "I went to his aid first, and I didn't hear any respirations; I didn't feel any pulse." He also testified that the first person to the scene of the accident was a truck driver and that

that person confirmed to him that Paul was dead. There being no evidence that Paul Moore sustained any conscious physical pain and mental anguish, the trial court did not err in refusing the requested special issue. Rule 279, Tex.R.Civ.P. Point of Error No. Three is overruled.

The judgment of the trial court is affirmed.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent on the basis that the Appellants were entitled to a submission of issues as to their damages for the loss of companionship and society and for mental anguish resulting from the death of their son. I agree with the majority that there is no evidence raising the issue of conscious pain and suffering.

As noted by the discussion of the evidence, it is meager, but it does raise fact issues sufficient to require submission to the jury. The rule is that the trial court may not refuse to submit an issue because of the factual insufficiency of the evidence to support an answer thereto. *Wenzel v. Rollins Motor Co.,* 598 S.W.2d 895, 902 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r. e.); *Volkswagen of America, Inc. v. Licht,* 544 S.W.2d 442 (Tex.Civ.App.—El Paso 1976, no writ); *Eddleman v. Scalco,* 484 S.W.2d 122, 124 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). If there is some evidence raising an issue, the trial court is required to submit it even though the evidence may be insufficient to support an affirmative answer. *Wenzel v. Rollins Motor Co. and Volkswagen of America, Inc. v. Licht, supra.*